# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY P. THOMAS,

        Plaintiff,

v.                                                                 Case No. 08-CV-840

ATTORNEY TOM MAROLA, et al.,

        Defendants.

## ORDER

*Pro se* plaintiff Mary P. Thomas ("Thomas") filed suit against nineteen defendants alleging a series of claims ranging from attorney malpractice, to obstruction of justice, to "loss of normal lifestyle." Thomas initiated her action by filing a completed Pro Se Civil Rights Complaint Form. However, after review, the court can discern no civil rights claims contained within the complaint. Instead, the pleading appears to allege various claims relating to the failed sale and subsequent loss through foreclosure and bankruptcy of land once owned by Thomas. The complaint focuses primarily on claims against a number of attorneys, however, Thomas does not limit her named defendants to the five attorneys and one law firm appearing in her complaint. Instead, she also names several real estate agents, four "buyers," the City of Muskego, a county circuit court judge, a bank, a construction company, and an individual from the Department of Natural Resources.

Four of the defendants, understandably baffled by the rambling and largely incomprehensible complaint, filed separate motions for a more definitive statement.

An additional four defendants filed motions to dismiss citing a lack of subject matter jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). These motions are now before the court for decision. The court finds that it lacks the necessary subject matter jurisdiction to hear Thomas' action. Therefore, the court will dismiss all claims.

Federal courts are courts of limited jurisdiction. *Newell Operating Co., v. Int'l Union of United Auto., Aero., & Agric., Implement Workers of Am.*, 532 F.3d 583, 587 (7th Cir. 2008). The federal courts may only exercise jurisdiction over cases when that jurisdiction is "specifically authorized by federal statute." *Id.* Federal statutes 28 U.S.C. § 1331 and § 1332 provide such authorization. Federal courts exercise jurisdiction pursuant to § 1331 when the claims at issue arise under federal laws, treaties, or the United States Constitution. *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007). To establish subject matter jurisdiction "arising under" federal law, the plaintiff must present a federal question on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Alternatively, federal courts may exercise jurisdiction pursuant to § 1332. This "diversity" jurisdiction exists if the parties are citizens of different states and the amount in controversy exceeds $75,000. *Andrews v. E.I. Du Pont de Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006). To establish diversity "between citizens of different states," there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). This means that the plaintiff must be a citizen of a different state than each of the defendants.

Thomas fails to establish subject matter jurisdiction under either § 1331 or § 1332. First, the court can decipher no claim arising under the Constitution or any federal law. Indeed, the recurring theme in Thomas' complaint seems to be attorney malpractice, which is a state law claim. Second, Thomas does not establish complete diversity between herself and the defendants. On the contrary, a review of the complaint reveals that the addresses listed for the plaintiff and the defendants are all located within the state of Wisconsin. (*See* Pl.'s Compl., p. 7[1]). Thus, not only does Thomas fail to plead diversity between herself and every defendant, she fails to plead diversity between herself and *any* defendant. Thus, this court does not have jurisdiction over Thomas' lawsuit.

The court must liberally construe Thomas' complaint because she is a *pro se* plaintiff. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). This means that the court must give Thomas "a break" if she stumbles on a technicality, but her complaint is otherwise understandable. *Greer v. Board of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). However, subject matter jurisdiction is not a legal technicality. Instead, the existence of subject matter jurisdiction is so vital that the issue may be raised either *sua sponte*, or at any point in the proceedings by the parties. *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). Further, the Federal Rules of Civil Procedure require a court to dismiss an action if the court

---

[1]The court refers to the pagination listed by the plaintiff on her complaint. However, the page labeled as "page 7" is actually the ninth page of the document.

"determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Therefore, the court is compelled to dismiss Thomas' action in its entirety.

Accordingly,

**IT IS ORDERED** that the defendants' motions to dismiss (Docket #'s 36, 49, 54, 68) be and the same are hereby **GRANTED** and the action is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the defendants' motions for a more definite statement (Docket #'s 13, 29, 34, 45) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #60) be and the same is hereby **DENIED as moot**;

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge